## CILLEY *v.* HUSE.

A mortgage was made by two persons to secure a debt owing by them jointly, and the mortgagee entered for breach of condition, and to foreclose the mortgage. The mortgagors, however, attorned to the mortgagee, held as his tenants, and received the rents and profits until the death of one of them; after which the survivor continued to hold as such tenant, and receive the rents and profits. On a bill in equity by the administrator of the deceased mortgagor, to redeem, it was *held*, that the mortgagee was not bound to account for the rents and profits received before the death of the deceased, nor for such as were received afterward, unless the mortgagors were tenants in common and not partners, and the administrator of the deceased had been kept out by the mortgagee.

*Held*, also, that, although the estate was conveyed to the mortgagors in such form as to make them tenants in common, yet, as it was paid for out of the partnership funds, it must be treated in equity as vesting in them in their partnership capacity, in trust for the use of the firm; and that the administrator of the deceased partner would not be entitled to a share of the rents and profits until the purposes of the trust had been accomplished.

THIS is a bill in equity, brought by the administrator of Henry G. Wilson against John Huse and the City Bank, to redeem certain lands in Manchester, owned and mortgaged by said Wilson and Barnet H. Cheney to said Huse, upon which said Huse, under process, had entered for condition broken and to foreclose the mortgage, and had continued in possession for one year. Answers were made by Huse and the City Bank, and testimony was also taken, and it appeared that, a short time before the expiration of the one year's possession aforesaid, the said Huse assigned his mortgage to the City Bank, which about the same time had purchased a prior mortgage of part of the same land, of the executor of James Dodge. The plaintiff claimed that Wilson and Cheney owned the land as tenants in common, and not as partners; and that, before the expiration of the year's possession, he demanded of the defendants an account of the amount due on the

Huse mortgage, but that the account rendered was not true, inasmuch as nothing was allowed for the rents and profits during that year, though in possession of Wilson and Cheney, as Huse's tenants during Wilson's life, and of Cheney, after Wilson's decease.

The plaintiff claimed relief, upon the ground that the Huse mortgage was so assigned for the fraudulent purpose of preventing redemption by the plaintiff.

All the other facts material in the case appear in the opinion of the court.

*Clark & Smith,* for the plaintiff.

*Morrison & Stanley,* for Huse.

*W. C. & S. G. Clarke,* for the City Bank.

BELLOWS, J.*   The bill prays that the amount due upon the Huse mortgage be ascertained, and that the time of redemption be reasonably extended, so that the plaintiff may redeem or sell the equity; or that, on payment or tender of the amount found to be due, the mortgage be assigned to the plaintiff or his assigns; and also for general relief.

The case stated in the bill is, that, before the expiration of the time of redemption, the plaintiff applied for an account of the amount due, and that the account rendered was not a just and true account, for the reason that nothing was allowed for the rents and profits from the time of Huse's entry to foreclose, that is, from April 26, 1858; and also that pending an application for injunction to stay the proceedings to foreclose, a fraudulent transfer of the mortgage to the City Bank was made, for the purpose of delaying the plaintiff in the redemption of the property,

* BELL, C. J., does not sit.

and to secure to himself or the City Bank the absolute title therein.

In regard to the position that the account rendered was not just and true, the answer in substance. stated that at the time of Huse's entry to foreclose, the mortgagors being in possession, attorned to him, and became his tenants, and remained in his possession during the lifetime of the said Wilson, and since his death the said Cheney has been and still is in possession. The answer does not state explicitly that the mortgagors continued to hold as the tenants of the mortgagee, although such may be a fair inference. The bill, however, states that Huse was put in possession for the purpose of foreclosing the mortgage, and that he has ever since been in possession for that purpose. The answer of Huse further states that, believing the property to be ample security, he exacted no rent of Wilson and Cheney, but all the rents and profits were received by them during Wilson's life, and since his death by said Cheney; and this, being responsive to the bill, and not disproved, must be taken to be true.

We have a case, then, where the mortgagee is called upon to account for the rents and profits of the estate, though they were actually received by the mortgagors; and there may be cases where such accounting would be decreed, as where the prior mortgagee refused to allow the subsequent mortgagee to enter and take the profits, but entered himself, and yet allowed the mortgagor to take the profits. In such case, where the security was inadequate, the first mortgagee might well be held to account for the rents and profits, as between him and the second mortgagee, whom he had held out; but it would be difficult to discover any solid reason for holding that he should account to the mortgagors for the profits they had themselves received. In the case before us, the plaintiff represents one of the mortgagors, now deceased, who died, as appears by the bill, June 27, 1858. So far

as respects the rents and profits prior to that time, there can be no question; since that time the rents and profits have been received by the surviving mortgagor, and if the property was actually held by them as tenants in common, and not as partners, so that upon the death of Wilson an undivided half of the estate was vested in his representatives, and subject to no lien in the hands of Cheney, then such representatives would be entitled to enter and take one half of the rents and profits, as against the other tenant in common. Had he attempted to make such entry, and been kept out by the mortgagee, who, nevertheless, permitted the other tenant to take the whole profits, he might have just cause to claim that the mortgagee should account for one half of such profits. But no such attempt to enter having been shown, and the possession of Cheney being in accordance with the arrangement made with both mortgagors, during the life-time of Wilson, we see no ground for charging the mortgagee with such rents and profits. Beside, upon a careful examination of the proofs, we are brought to the conclusion that the mortgaged property was purchased for the use of the partnership, paid for out of the partnership funds, improved, cultivated, and the income received by the partnership, and that it constituted a part of the assets of the firm, and, as such, it being clear that the firm was greatly in debt at the death of Wilson, the surviving partner would be entitled to the possession and control of the property, the interest of the representatives of the deceased partner extending only to a share of the surplus after discharging the obligations of the firm. *Benson* v. *Ela*, 35 N. H. 420. The form of the conveyance in this case being to the partners individually, makes no difference, but being paid for out of the partnership funds, and devoted to the use of the company, it must be regarded as partnership property. *Jarvis* v. *Brooks*, 27 N. H. 66; 3 Kent Com. 9th ed., 39–43, and notes; *Burn-*

*side* v. *Merrick*, 4 Met. 41; *Dyer* v. *Clark*, 5 Met. 562; *Howard* v. *Priest*, 5 Met. 582. These cases show that though the estate is conveyed in such form as to render them tenants in common, yet, being paid for out of the partnership funds, it will be treated in equity as vesting in them, in their partnership capacity, in trust for the purposes for which it was purchased; so that the widow of a deceased partner would not be entitled to dower, nor would his heirs be entitled to the rents and profits until the purposes of the trust have been accomplished. The account rendered by the mortgagee is not, upon these views, open to objection because the rents and profits were not deducted.

Nor do we conceive that the plaintiff is entitled to relief upon the ground of fraud in the transfer to the City Bank. If it were to be conceded that the bill itself states any ground for relief in this respect, which, to say the least, is not clear, the answers of the defendants deny all the equity alleged upon that point, and furnish a justifiable reason for the purchase of the mortgage by the bank.

The fact that the plaintiff has no means in his hands, as administrator, to pay the mortgage debt, and redeem the estate, furnishes no legal cause for an extension of the time; nor does the fact that he did not come to a knowledge of his rights, as such administrator, until too late to obtain license and sell the equity, unless such want of knowledge was caused by the fraudulent misconduct of the mortgagee; and no such thing is alleged or proved.

Upon these views the plaintiff has failed to make a case entitling him to an extension of the time to redeem the mortgaged estate, or to a decree for the appointment of a receiver; but inasmuch as the bank, which, upon the proofs before us, must now be regarded as alone interested in the mortgages, avow a readiness to receive

the amount of the Dodge and Huse mortgages, and discharge them, the court will, if desired, fix a time within which such payment shall be made ; but we could not, under the circumstances of this case, decree that the bank should assign them to the plaintiff, or his order, and thus enable him to hold them against any just claims of the bank against the late firm of Wilson & Cheney, which, by attachment or otherwise, are secured upon this property, subject to the mortgages in question.

If a decree in accordance with these views is not desired,

